**Dearing E. JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–83–234–CR.**

Court of Appeals of Texas,
Beaumont.

Oct. 10, 1984.

Donald M. Brown, Conroe, for appellant.

James Keeshan, Dist. Atty., Conroe, for appellee.

OPINION

DIES, Chief Justice.

Appellant was indicted in April, 1981, for the offense of theft over $10,000. A jury convicted him on May 10, 1982. The court assessed appellant's punishment at ten years probation, including restitution, the amount to be determined following the filing of a financial statement by appellant. On June 29, 1982, appellant filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of Texas. Among the scheduled debts listed by appellant in his bankruptcy petition were $44,000 each to Ruth Cable and Marguerite Byrnes, the

---

victims of the offense for which appellant was convicted.

On August 9, 1982, the District Judge by written order placed appellant on probation and ordered appellant to

"Pay restitution in such sums and at such times as ordered by the Court; and the Court hereby sets this cause for hearing on the first Friday of July of every year during the term of probation to consider the defendant's ability to make restitution."

On December 22, 1982, appellant received a discharge from the Bankruptcy Court including the $88,000 claimed to be owed Byrnes and Cable. On July 29, 1983, the court held a hearing as provided for in the probation order. At the conclusion of the hearing, the court amended the probation judgment, ordering appellant to pay restitution in the total amount of $88,-831.00 by monthly payments of $200.00. On August 15, 1983, appellant filed a "Motion to Set Aside Amended Conditions of Probation", alleging that the restitution order violated the Bankruptcy Court's discharge order. Hearing was had on the motion and the court denied it on October 10, 1983. It is from this denial that appeal has been perfected to this Court. In an able brief filed with us by appellant, he states,

"No appeal was taken from that conviction [finding of guilty of theft], and none is now taken as to the conviction.... Notice of Appeal from the order of the Court setting amended conditions of probation was filed on October 10, 1983."

Appellant presents us three grounds of error, all well briefed, that state:

1. The order of the Bankruptcy Court extinguished the debt made the basis of the trial court's restitution order of $200.00 per month.

2. The trial court abused its discretion because there is not sufficient evidence of a factual basis to support such determination.

3. The award of $200.00 per month is not supported by the evidence.

We are unable to reach any of these grounds of error. In *Basaldua v. State*, 558 S.W.2d 2, 3 (Tex.Crim.App.1977) (Presiding Judge Onion), the Court was faced with "a purported appeal from an order refusing to alter or modify conditions of probation." After reviewing its appellate jurisdiction, the Court concluded:

"We find neither constitutional nor statutory authority which would confer jurisdiction on this court to hear an appeal from an order entered pursuant to Article 42.12, Sec. 6, supra ..., altering or modifying probationary conditions or an order, as in the instant case, refusing to alter or modify such conditions. It must be remembered that this is not an appeal from an order granting probation, cf. Article 42.04, Vernon's Ann.C.C.P., nor is it an appeal from an order revoking probation. Article 42.12, Sec. 8, Vernon's Ann.C.C.P. We conclude that this court lacks the authority to entertain a direct appeal from the order entered. [citations omitted]"

558 S.W.2d at 5.

The Court did, however, conclude that the facts raise "a proper habeas corpus issue and fall within our habeas corpus jurisdiction." *Id.*

*TEX.CODE CRIM.PROC.ANN. art. 11.-07* (Vernon Supp.1984) grants exclusive jurisdiction of post conviction writs of habeas corpus to the Courts of Criminal Appeals.

Since we are without jurisdiction to consider appellant's attempted appeal, it is dismissed.

Appeal dismissed.