**Donna Marie EADEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–93–00462–CR.**

Court of Appeals of Texas,
El Paso.

March 23, 1995.

Rehearing Overruled April 19, 1995.

Allan Hawkins, Midland, for appellant.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Midland, for appellee.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

Donna Marie Eaden attempts to appeal from an order of the trial court continuing her on deferred adjudication and modifying the terms and conditions of probation. We dismiss the attempted appeal for want of jurisdiction.

## I. PROCEDURAL HISTORY

Appellant pled guilty to the charged offense and, pursuant to a plea bargain, the trial court deferred adjudication of guilt and placed her on probation for a period of three years, commencing March 18, 1993. TEX. CODE CRIM.PROC.ANN. art. 42.12, § 5 (Vernon Supp.1995). The State filed a motion to adjudicate Appellant's guilt on July 28, 1993, and the trial court held a hearing on that motion on November 10, 1993. Even though the court found that Appellant had violated the terms and conditions of her probation, the court did not adjudicate her guilt, but rather, continued Appellant on deferred adjudication probation. See TEX.CODE CRIM. PROC.ANN. art. 42.12, § 22 (Vernon Supp. 1995). Nonetheless, the trial court assessed twenty days' confinement in the Midland County Jail as a sanction for the probation violations. See TEX.CODE CRIM.PROC.ANN. art. 42.12, §§ 10, 11, 12(a), and 22 (Vernon Supp.1995). Additionally, the trial court also made a minor modification to the term of probation which required Appellant to report to her probation officer twice a week. See TEX.CODE CRIM.PROC.ANN. art. 42.12, §§ 10, 11, and 22 (Vernon Supp.1995).

## II. DISCUSSION

In Points of Error Nos. One through Fifteen, Appellant claims that the trial court committed various reversible errors in connection with its determination of the State's motion to adjudicate her guilt.[1] The State asserts that this Court does not have jurisdiction to consider these points of error. We agree.

It is axiomatic that a party may appeal only that which the Legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex.Crim.App.1992). The United States or Texas Constitution does not require a state to establish appellate courts or provide defendants the right to review their criminal convictions. *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App.1992). Thus, a state may limit or even deny the right to appeal a criminal conviction. *Id.* Nothing in the Texas Constitution guarantees the right to appeal a criminal conviction, and that right is only as provided by the Legislature. See *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim.App.1993); *Phynes*, 828 S.W.2d at 2.

In the case of deferred adjudication, the Texas Legislature has chosen to limit the right of appeal to two circumstances. First, a defendant may appeal from an order deferring guilt, but only to the extent that he may appeal those matters raised by written, pretrial motion that were ruled upon before trial. *See Dillehey v. State*, 815 S.W.2d 623 (Tex.Crim.App.1991); *Osborne v. State*, 845 S.W.2d 319, 321–22 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). This is the only circumstance in which an appeal is permitted *prior* to an adjudication of guilt. After the defendant's guilt has been adjudicated and he has been sentenced, he may appeal his original conviction as well as any error in the punishment portion of the court's judgment or the punishment proceedings. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 5(b) (Vernon Supp.1995); *Issa v. State*, 826 S.W.2d 159 (Tex.Crim.App.1992). The Legislature has specifically denied the right to appeal from the trial court's determination of whether it will proceed with an adjudication of guilt on the original charge. TEX.CODE CRIM.PROC. ANN. art. 42.12, § 5(b) (Vernon Supp.1995); *Olowosuko*, 826 S.W.2d at 940; *Phynes*, 828 S.W.2d at 2. While this portion of Section 5b has typically been held to deny the right to appeal the decision adjudicating guilt, *see e.g. Phynes*, we find it applies with equal force to

---

1. In Point of Error Fourteen, Appellant asserts her "conviction" should be reversed for failure to provide her with all of the statements of fact "from the beginning of time". As we understand Appellant's argument, she contends that she has been denied the statements of fact from hearings held on one or more of her five motions to recuse the trial judge who heard the motion to adjudicate. Thus, this point relates to the trial court's decision not to adjudicate Appellant's guilt.

deny appeal from the court's decision *not* to adjudicate guilt. Accordingly, we hold that Appellant may not appeal from the court's determination that it would not adjudicate her guilt. To the extent Appellant also attacks the portion of the court's order modifying her probation, we lack jurisdiction to consider those points of error. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex.Crim.App.1977) (an appellate court does not have jurisdiction to entertain an appeal from an order of the trial court modifying or refusing to modify the terms and conditions of probation); *see also Jones v. State*, 680 S.W.2d 580, 581 (Tex.App.—Beaumont 1984, no pet.). Accordingly, this appeal is dismissed for want of jurisdiction. *See Phynes*, 828 S.W.2d at 2.