IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 2189-01






HAROLD WAYNE BAILEY, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 

 Meyers, J., delivered the opinion of the Court, in which Price, Johnson,
Holcomb, and Cochran, J.J., joined. Cochran, J., filed a concurring opinion. Keller,
P.J., filed a dissenting opinion. Womack, J., filed a dissenting opinion in which Keller,
P.J., and Hervey, J., joined. Keasler, J., filed a dissenting opinion.


O P I N I O N 
 


 Appellant Harold Wayne Bailey pleaded guilty to the offense of failure to stop and
render assistance. Tex. Transp. Code §550.021(c). The trial court imposed a probated
sentence, and later added an order for payment of restitution to the conditions of
community supervision. Appellant filed a notice of appeal from the restitution order,
which was dismissed as untimely by the court of appeals. We granted review to clarify the
application of Texas Rule of Appellate Procedure 26.2, governing time to perfect an appeal. 
We hold that the notice of appeal in this case was timely, and therefore we will reverse the
court of appeals. 

 On February 12, 2001, appellant pleaded guilty to the offense of failure to stop and
render assistance. At that time, the trial court assessed punishment at 5 years, probated for
10 years, and imposed general conditions of community supervision. The trial court then
reset the case for a hearing on March 12, 2001, to consider the State's request for
restitution as a further condition of probation. On the plea form, defendant explicitly
reserved the right to appeal any restitution ordered.

 At the March 12th restitution hearing, the State presented testimony from the
victim's mother, and evidence in the form of medical bills. Appellant unsuccessfully
argued that restitution did not flow from the offense of failure to stop and render aid. The
trial court ordered that the conditions of probation be amended to require appellant to make
restitution payments in the amount of $49,148.43 to the victim. The order was reduced to a
writing entitled "Conditions of Community Supervision; 1st Amended," which was signed
and entered on the same date, March 12, 2001.

 On April 4, 2001, appellant filed a notice of appeal. The notice stated:

 The Defendant desires to appeal the JUDGMENT and SENTENCE in the
above cause, in addition to the Court's appealable ORDERS concerning
restitution and probationary conditions. The trial court has granted the
Defendant permission to appeal.


 In an unpublished memorandum opinion, the 14th Court of Appeals dismissed the
appeal as untimely. Bailey v. State, No. 14-01-00466-CR (Tex. App. - Houston [14th
Dist.] Aug. 23, 2001) (not designated for publication), 2001 Tex. App. LEXIS 5738. The
court of appeals noted that because no motion for a new trial had been filed, appellant had
30 days after the sentence was imposed to file a notice of appeal. Id., citing Tex. R. App. P.
26.2(a)(1). (1) Because the notice of appeal was filed more than 30 days after the original
sentencing hearing (which was on February 12, 2001), the court held that the appeal was not
timely perfected, and that the court of appeals therefore had no jurisdiction to address the
merits of the appeal. Bailey, 2001 Tex. App. LEXIS 5738 (citing Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998)).

 Appellant filed a motion for rehearing and a motion to reinstate the appeal, both of
which were overruled. This Court granted discretionary review. Appellant argues that his
notice of appeal, filed within 30 days of the March 12 restitution order, was timely. He
notes that the court of appeals' holding would have the undesirable result of barring any
appeal from an order issued more than 30 days after the original judgment. The State
argues that the trial court's order requiring appellant to pay restitution as a condition of
probation is not, by itself, an appealable order. Therefore, the State argues, because
appellant's notice of appeal was filed more than 30 days after the original judgment and
sentence, the court of appeals properly dismissed appellant's appeal.

 Our precedent has established that conditions of community supervision imposed at
the time of the original sentencing may not be appealed at a revocation hearing, unless they
were objected to when originally imposed. Hull v. State, 67 S.W.3d 215, 217 (Tex. Crim.
App. 2002). Furthermore, the court of appeals lacks jurisdiction to hear a challenge to a
judgment of conviction brought more than 30 days after the imposition of community
supervision, unless a motion for a new trial was timely filed. Manuel v. State, 994 S.W.2d
658, 660 (Tex. Crim. App. 1999) citing Tex. Code Crim. Proc. Ann. art. 42.12,
§23(b)(Vernon Supp. 1998)(defendant's right to appeal conviction and punishment accrues
when defendant is placed on community supervision). Those holdings are not
determinative, however, of the issue in this case. At issue in this case is not whether the
restitution order itself is an appealable order. Instead, the issue is at what time appellant's
full sentence was actually assessed and imposed. Was the sentencing complete: 1) at the
initial sentencing hearing on February 12, 2001, or 2) at the time the trial court ordered
restitution, on March 12, 2001? Due to the unique facts of this case, we find that the
sentence was actually imposed at the restitution hearing, and we reverse the court of
appeals.

 Appellant cites two cases for the proposition that restitution orders are appealable at
the time they are imposed. Cartwright v. State, 605 S.W.2d 287 (Tex. Crim. App. 1980);
Lemos v. State, 27 S.W.3d 42 (Tex. App. - San Antonio 2000, no pet.). Although we find
for appellant, we disagree that either Lemos or Cartwright are determinative in this case. 
Though both of those cases involved appeals from restitution orders imposed as conditions
of probation, the restitution orders in those cases were entered at the time of the initial
sentencing, not weeks later (as in appellant's case). See Cartwright, 605 S.W.2d 287;
Lemos, 27 S.W.3d 42.

 The State cites several cases for the proposition that an order altering or modifying
probationary conditions is not appealable. Basaldua v. State, 558 S.W.2d 2, 5 (Tex. Crim.
App. 1977); Dodson v. State, 988 S.W.2d 833 (Tex. App. - San Antonio 1999, no pet.);
Jones v. State, 680 S.W.2d 580 (Tex. App. - Beaumont 1984, no pet.). Basaldua involved
a challenge to the trial court's refusal to modify a probation order that was entered at the
time sentence was suspended in open court. No appeal was made at the time the conditions
of probation were imposed, and the defendant filed his motion to modify the conditions 4
months later. The motion was denied after a hearing, and the defendant filed a notice of
appeal to this Court a week after the denial of the motion. Basaldua, 558 S.W.2d at 2-4. 
We found:

 . . . neither constitutional nor statutory authority which would confer
jurisdiction on this court to hear an appeal from an order. . . altering or
modifying probationary conditions or an order, as in the instant case,
refusing to alter or modify such conditions.


Id. at 6 (emphasis added). The Court held that it did not have jurisdiction to hear a direct
appeal from a specific trial court ruling: an order denying a motion to modify existing
conditions of probation which were entered at the time the sentence was originally
suspended.

 The operative word here is "modify." This Court was careful to point out that the
matter was not an appeal from an original order granting or revoking probation. Basaldua,
558 S.W.2d at 6-7. Such appeals are clearly authorized by Article 42.12 §23(b) of the
Texas Code of Criminal Procedure, and the timing for notice of appeal is governed by Rule
26.2 of the Texas Rules of Appellate Procedure. A motion to modify an existing condition
of probation, on the other hand, could conceivably be brought at any time during the term of
the probation. The denial of such a motion is not final, because under Article 42.12 §
11(a), "the judge of the court having jurisdiction of the case shall determine the conditions
of community supervision and may, at any time, during the period of community
supervision alter or modify the conditions." Tex. Code Crim. Proc. Ann. art. 42.12 §
11(a) (Vernon 2004). Appellant's case, however, was not a modification; the sentence was
not complete until March 12, 2001, the date of the restitution hearing. Thus, Basaldua is
not controlling.

 In Dodson, also cited by the State, the court of appeals held that it did not have
jurisdiction to hear an appeal from the denial of a motion for shock probation. (2) Dodson,
988 S.W.2d 833. The motion requesting shock probation in that case was timely filed, and
a hearing was scheduled on the motion. Due to a series of scheduling problems and mis-communications, the hearing was scheduled 182 days after the original sentencing date. 
Since a trial court loses jurisdiction over the case 180 days after sentencing under Article
42.12 § 6(a), (3) the trial judge found that his authority to conduct the hearing had ceased, and
he denied the motion. Id. at 834. The court of appeals held that it also lacked jurisdiction,
under Texas Rules of Appellate Procedure 26.2(a)(1), because more than 30 days had
passed since the imposition of the sentence. Id. Dodson is not decisive for the same
reasons that Basaldua is not decisive: In appellant's case, no modification was being made
to an existing order; rather, the sentencing was not complete until the restitution hearing.

 In Jones, the other case cited by the State, the appellant was convicted of a theft
offense. Jones, 680 S.W.2d 580. On May 10, 1982, the trial judge assessed the
defendant's punishment at 10 years probation, and included restitution, in an amount to be
set after the defendant filed a financial statement. The defendant filed for bankruptcy on
June 29, 1982. On August 9, 1982, the District Judge signed a written order placing the
defendant on probation and ordering the defendant to "[p]ay restitution in such sums and at
such time as ordered by the Court." Id. at 580. But at that time, the bankruptcy court had
not come back with a decision. Finally, on December 22, 1982, the bankruptcy court
discharged the defendant's debts, which included amounts owed to the victims of the case. 
The hearing by the district court amending the probation judgment to include restitution
was not held until July 29, 1983, many months after the original order placing the defendant
on probation. The defendant then filed a "Motion to Set Aside Amended Conditions of
Probation" less than 30 days after the restitution hearing, alleging that the order violated
the bankruptcy court's discharge order. Id. The trial court denied the motion, and the
defendant appealed the denial to the court of appeals. Id. The court of appeals concluded
that it was without jurisdiction to consider the appeal, again based on the Basaldua holding. 
Id. at 581, (citing Basaldua, 558 S.W.2d at 5). Jones gives little guidance to appellant's
situation, however, because the case concerned an amendment to a probation order, just as
in Basaldua and Dodson. It can hardly be argued that the restitution hearing in Jones, held
almost a year after the written community supervision order, was a continuation of the
original sentencing. The community supervision order called for a yearly hearing "to
consider the defendant's ability to make restitution." Id. at 581. And, the bankruptcy court
proceedings complicated the matter because the proceeding was pending at the time of the
written order by the district court. Due to these distinguishing factors, appellant's situation
cannot be compared to the defendant's situation in Jones.

 Basaldua, Dodson, and Jones stand for the proposition that no appeal lies from an
order denying a motion to alter or modify existing conditions of community supervision. 
Here, unlike in the cases cited by the State, no restitution was ordered at the original
sentencing, and the order imposing restitution was not an "alteration" or "modification" of
the terms of community supervision. Article 42.037(e) of the Texas Code of Criminal
Procedure states, in relevant part, that "[t]he imposition of the order [of restitution] may not
unduly complicate or prolong the sentencing process." Tex. Code Crim. Proc. Ann. art.
42.037(e) (Vernon 2002). This statement, essentially including restitution in the
"sentencing process," implies that restitution is imposed as part of the original sentence,
and that the sentence is not complete until restitution is imposed. Article 42.02(25) of the
Texas Code of Criminal Procedure also prescribes that "the judgment" should reflect ". . . a
statement of the amount of restitution ordered . . . ." Tex. Code Crim. Proc. Ann. art.
42.01(25) (Vernon 2002). In appellant's case, not only did he not know the amount of
restitution that would be imposed- he did not know whether restitution would be imposed at
all. There was nothing to appeal from until the date of the restitution order on March 12,
2001. Additionally, when the court reset the case for a hearing to decide the State's motion
for restitution, appellant specifically reserved the right to appeal any restitution that might
be imposed. Clearly, the parties regarded the judgment as incomplete until the amount of
restitution was set at the later hearing.

 The case Arguijo v. State, 738 S.W.2d 367 (Tex. App.- Corpus Christi 1987)
supports our holding. In Arguijo, on October 3, 1986, the judge signed and entered
judgment finding the defendant guilty and sentencing him to probation. On December 11,
1986, a hearing was held in which the defendant was given his probationary terms and
conditions. The defendant filed a motion for new trial on that same day. In its decision, the
court stated: "We conclude . . . that the judgment was incomplete on October 3 due to the
court's failure to include probationary terms and conditions at that time. On December 11,
when [defendant] was specifically informed of his duties, the judgment was then made
whole, and [defendant's] sentence was imposed for purposes of perfecting appeal . . . ." 
738 S.W.2d at 369.

 Similarly, appellant was not ordered to make restitution until the March 12 hearing. 
Before that time, he could not have appealed a decision granting restitution because there
was no restitution award to appeal. In the unique facts of this case, the parties considered
the sentencing to be incomplete until the amount of restitution, if any, was set. (4) Because of
these facts, the day the sentence was "suspended in open court," within the meaning of Rule
26.2(a)(1), was the day the last condition of probation was decided, and appellant's filing of
his appeal was timely.

 Accordingly, the judgment of the court of appeals is vacated, and the cause
remanded for a hearing to decide the merits of appellant's challenge to the restitution
order.


 Meyers, J.



Delivered: March 24, 2004

Publish
1. The relevant portion of Rule 26.2, governing time to perfect appeal, reads as follows:

 Criminal cases.

 (a) By the Defendant. The notice of appeal must be filed: 


 (1) within 30 days after the day sentence is imposed or suspended in open court, or
after the day the trial court enters an appealable order; or


 (2) within 90 days after the day sentence is imposed or suspended in open court if the
defendant timely files a motion for new trial.
2. After a trial court imposes a sentence of incarceration, and begins execution of the sentence
(i.e., the defendant is actually incarcerated), the trial court may suspend further execution of the
sentence and place the defendant on community supervision, or "shock probation," as it is commonly
called. Tex. Code Crim. Proc. Ann. art. 42.12 § 6(a) (Vernon 2004).
3. Tex. Code Crim. Proc. Ann. art. 42.12 § 6(a): For the purposes of this section, the
jurisdiction of a court in which a sentence requiring imprisonment in the institutional division of the Texas
Department of Criminal Justice is imposed by the judge of the court shall continue for 180 days from
the date the execution of the sentence actually begins.
4. In Judge Womack's dissent, he suggests that our holding today will allow each of "175,000
defendants" on probation "to appeal the modification of a condition of probation, thus avoiding the
responsibility to obey the condition." But his assertion is based on a misconception that our opinion
applies to modifications of conditions of probation. It does not. The very premise of this holding
today is that the sentencing hearing was not yet complete and thus no modification occurred; in this
case, the date restitution was awarded was the time sentencing was complete.