Becker v. State









COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
 ) No. 08-04-00231-CR
IN RE: COURT OF INQUIRY                          )
)Appeal from
)
) 346th District Court
)
) of El Paso County, Texas
)
) (TC# 20040D01888)

O P I N I O N

            Nancy Linette Hollebeke attempts to appeal the ruling of the 346th District Court made in
connection with a court of inquiry conducted pursuant to Chapter 52 of the Code of Criminal
Procedure. Finding that the Legislature has not provided a right of appeal, we dismiss the appeal for
want of jurisdiction.
            On February 2, 2004, the 346th District Court convened a court of inquiry to investigate
several alleged crimes, including the alleged sexual assault of Nancy Hollobeke by two El Paso
police officers. After hearing testimony, the judge appointed to conduct the proceeding entered a
written order terminating the court of inquiry, finding no probable cause to issue arrest warrants for
any focus participants.


 On July 23, 2004, Hollobeke filed a notice of appeal. By letter dated
July 29, 2004, we notified Hollobeke in writing of our intent to dismiss this appeal for want of
jurisdiction unless she could demonstrate authority for us to proceed. Hollobeke filed a written
response urging that we exercise jurisdiction.
            A court of inquiry is a criminal proceeding authorized by and conducted according to Chapter
52 of the Texas Code of Criminal Procedure. See Tex.Code Crim.Proc.Ann. art. 52.01-52.09
(Vernon 1979 and Vernon Pamph. 2004-05). Whenever a district judge, acting in his capacity as
magistrate, has probable cause to believe that an offense has been committed against the laws of this
state, he may request that the presiding judge of the administrative judicial district appoint a district
judge to commence a court of inquiry. Tex.Code Crim.Proc.Ann. art. 52.01(a). The appointed
judge may summon and examine any witness in relation to the offense in accordance with the
procedural rules established in Chapter 52. Id. If it appears from a court of inquiry that an offense
has been committed, the judge shall issue a warrant for the arrest of the offender as if the complaint
had been made and filed. Tex.Code Crim.Proc.Ann. art. 52.08. Significantly, Chapter 52 does
not provide for an appeal from the judge’s determination.
            A party may appeal only that which the Legislature has authorized. Olowosuko v. State, 826
S.W.2d 940, 941 (Tex.Crim.App. 1992); Eaden v. State, 901 S.W.2d 535, 536 (Tex.App.--El Paso
1995, no pet.). Texas is not required by the constitutions of the United States or this state to
establish appellate courts or provide defendants the right to have their criminal convictions reviewed. 
See Phynes v. State, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992); Eaden, 901 S.W.2d at 536. Thus, a
state may limit or even deny the right to appeal a criminal conviction. Phynes, 828 S.W.2d at 2;
Eaden, 901 S.W.2d at 536. The right to appeal exists only to the extent provided by the Legislature. 
See Marin v. State, 851 S.W.2d 275, 278 (Tex.Crim.App. 1993); Phynes, 828 S.W.2d at 2. 
Likewise, our federal and state constitutions do not guarantee a right of appeal to an alleged victim
or potential complainant in a criminal case. In order for Hollobeke to have a right to appeal the
magistrate’s determination, it must have been authorized by the Legislature.
            Article 44.02 generally provides a criminal defendant the right to appeal his conviction. See
Tex.Code Crim.Proc.Ann. art. 44.02 (“A defendant in any criminal action has the right of appeal
under the rules hereinafter prescribed . . . .”). The State also has the right to appeal certain orders
made by a court in a criminal case. See Tex.Code Crim.Proc.Ann. art. 44.01. A criminal
defendant may challenge a magistrate’s probable cause determination by filing a motion to suppress
or objecting to evidence obtained as the result of an arrest warrant or search warrant, and the
defendant, assuming he is convicted, may complain of an adverse ruling on appeal. Hollobeke has
not identified any statutory provision providing her with a right to appeal a magistrate’s ruling made
in connection with a court of inquiry. While the Code of Criminal Procedure contains numerous
provisions addressing the rights of crime victims, it does not provide them with a right of appeal. 
See Tex.Code Crim.Proc.Ann. art. 56.01-56.64. In the absence of statutory authorization for an
appeal from the magistrate’s determination made in connection with the court of inquiry, we
conclude that Hollobeke does not have a right of appeal. Accordingly, we dismiss the appeal for lack
of jurisdiction.


September 23, 2004                                                     
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Publish)