COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| CHRISTOPHER CALDERON, | | No. 08-08-00258-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 168th District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 20050D05388) |
| | § | |

**MEMORANDUM OPINION**

Christopher Calderon attempts to appeal from a conviction of two counts of abandoning or endangering a child. Appellant waived his right to a jury trial and entered a negotiated plea of guilty. In accordance with the plea bargain, the trial court sentenced Appellant to serve a one-year term in the state jail. Appellant filed notice of appeal and the trial court certified that Appellant had a right to appeal matters raised by written motion and ruled on prior to trial. On appeal, Appellant raises a single issue asserting he was denied the effective assistance of counsel due to a lack of preparation and investigation. The State has filed a motion to dismiss the appeal because the Court lacks jurisdiction to address the ineffective assistance of counsel issue. Appellant has not filed a response to the State's motion.

There is no constitutional right to appeal a criminal conviction. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex.Crim.App. 1992). A party may appeal only that which the Legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex.Crim.App. 1992); *Eaden v. State*, 901 S.W.2d 535, 536 (Tex.App.--El Paso 1995, no pet.). Article 44.02 of the Code of Criminal Procedure provides that:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter.

TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 2006).

Consistent with Article 44.02, Texas Rule of Appellate Procedure 25.2(a)(2) provides that:

A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. In a plea bargain case--that is, a case in which a defendant's plea of guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant--a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial; or

(B) after getting the trial court's permission to appeal.

TEX.R.APP.P. 25.2(a)(2).

The ineffective assistance of counsel issue raised on appeal was not raised by written motion and ruled on prior to the guilty plea. Further, the record does not reflect that the trial court gave Appellant permission to appeal this issue. In fact, the Court noted at the hearing on Appellant's motion for new trial that it had not given Appellant permission to appeal but Appellant had a right to appeal the ruling on a pretrial motion to suppress. Appellant has not raised the suppression issue on appeal. Because the trial court did not give Appellant permission to appeal the sole issue raised on appeal, we lack jurisdiction to address it. Appellant has not raised any other issue cognizable under Rule 25.2(a)(2). We therefore grant the State's motion and dismiss the appeal for lack of

jurisdiction.

July 8, 2009

_____
ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.
Rivera, J., not participating

(Do Not Publish)