



# MEMORANDUM OPINION

No. 04-11-00154-CR

Mary **ROBERTS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR6404A
Honorable Sid L. Harle, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed:  May 25, 2011

DISMISSED FOR LACK OF JURISDICTION

On February 21, 2008, Appellant Mary Roberts ("Roberts") was convicted of five counts of theft by coercion or deception and was sentenced to ten years' imprisonment, to run concurrently on all counts. The judgments for each count reflect that her sentence was then suspended and that she was placed on community supervision. Additionally, the judgments reflect that no restitution was ordered. Also on February 21, 2008, the trial court signed an order imposing terms and conditions of her community supervision. Roberts appealed and requested

that these terms and conditions be held in abeyance pending her appeal, a request that the trial court granted because Roberts filed an appellate bond. On March 17, 2010, this Court affirmed the judgments of the trial court. *See Roberts v. State*, 319 S.W.3d 37 (Tex. App.—San Antonio 2010, pet. ref'd).

On February 11, 2011, the trial court signed an order modifying the terms and conditions of Roberts's community supervision. As part of the new terms and conditions, Roberts was ordered jointly and severally responsible with the defendant in Trial Court Cause Number 2006CR6404B, Ted Roberts, to make a donation of $70,000.00 to a children's charity. Roberts then filed a notice of appeal, seeking to appeal this order by the trial court requiring her to donate to a children's charity. However, we have no jurisdiction over this appeal.

In *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977), the Texas Court of Criminal Appeals held there was no constitutional or statutory authority permitting a direct appeal from an order modifying or refusing to modify probationary conditions. A defendant may appeal the judgment at the time she is first placed on community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 23(b). A defendant may also appeal her revocation of community supervision when she is notified of the decision to revoke and "is called on" to serve a sentence in jail or in the institutional division of the Texas Department of Criminal Justice. *Id.* However, modification of community supervision is not appealable at the time of modification. *Basaldua*, 558 S.W.2d at 5. Here, Roberts's community supervision has not been revoked. And, she cannot appeal from a trial court order modifying the terms and conditions of her community supervision. *See id.*; *Ruiz v. State*, No. 10-00576-CR, 2010 WL 3511534, at *1 (Tex. App.—San Antonio 2010, no pet.).

Roberts argues that we do have appellate jurisdiction pursuant to the Texas Court of Criminal Appeals's holding in *Bailey v. State*, 160 S.W.3d 11 (Tex. Crim. App. 2004). However, *Bailey* is distinguishable from the present case. In *Bailey*, 160 S.W.3d at 12, the appellant pled guilty to an offense on February 21, 2001; that same day, the trial court assessed punishment at five years; suspended the appellant's sentence; placed the appellant on community supervision for ten years; and imposed general conditions of community supervision. However, because the trial court wished to consider the State's request for restitution, it reset the case for a hearing on March 12, 2001. *Id.* At that March 12th restitution hearing, the trial court ordered that the appellant was required to make restitution payments to the victim as a condition of community supervision. *Id.* On April 4, 2001, the appellant filed a notice of appeal. *Id.* Noting that the notice of appeal had been filed more than thirty days after the February 21, 2001, hearing imposing the appellant's sentence, the Fourteenth Court of Appeals dismissed the appeal as being untimely filed. *Id.* at 12-13. The court of criminal appeals reversed, explaining the appellant's full sentence had not been imposed until the March 12, 2001, restitution hearing. *Id.* at 14. The court of criminal appeals distinguished the case from its previous holding in *Basaldua*, noting that because the appellant's sentence was not complete until the restitution hearing, the order being appealed from was not an order modifying the terms and conditions of community supervision. *Id.* at 14.

The court of criminal appeals then distinguished a case from this court, *Dodson v. State*, 988 S.W.2d 833 (Tex. App.—San Antonio 1999, no pet.), in which this court held that it did not have jurisdiction to hear an appeal from the denial of a motion for shock probation. According to the court of criminal appeals, "*Dodson* is not decisive for the same reasons that *Basaldua* is not decisive: In appellant's case, no modification was being made to an *existing* order; rather the

sentencing was not complete until the restitution hearing." *Bailey*, 160 S.W.3d at 14 (emphasis in original). Here, however, there was an existing order dated February 21, 2008, that set the terms and conditions of Roberts's community supervision. It was that order that Roberts requested the trial court to abate pending her appeal. Thus, the February 11, 2011, order signed by the trial court is a modification to an existing order, and under *Basaldua*, we have no jurisdiction over an appeal from such an order.[1]

Roberts also argues that we have jurisdiction over this appeal because the trial court, by requiring her to pay restitution in the order modifying the terms and conditions of her community supervision, violated her constitutional rights. We disagree. Pursuant to *Basaldua*, 558 S.W.2d at 5, we have no jurisdiction to hear a direct appeal from an order modifying the terms and conditions of her community supervision. The procedural vehicle for such a claim is an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(b)(2) (allowing applicant to challenge the legal validity of the conditions of community supervision); *see also id.* § 3(c) ("An applicant may challenge a condition of community supervision under this article only on constitutional grounds.").

For the reasons stated above, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

Do not publish

---

[1] We note that under Roberts's argument, her previous appeal, *see Roberts v. State*, 319 S.W.3d 37 (Tex. App.—San Antonio 2010, pet. ref'd), would be a nullity, because her sentence was not complete until the trial court ordered restitution as a part of the terms and conditions of community supervision in 2011. In *Bailey*, the court of criminal appeals commented on the absurdity of such an argument when distinguishing the case, *Jones v. State*, 680 S.W.2d 580 (Tex. App.—Beaumont 1984, no pet.), from the facts presented in *Bailey*: "*Jones* gives little guidance to appellant's situation, however, because the case concerned an amendment to a probation order, just as in *Basaldua* and *Dodson*. It can hardly be argued that the restitution hearing in *Jones*, held almost a year after the written community supervision order, was a continuation of the original sentencing." *Bailey*, 160 S.W.3d at 15.