

## NUMBER 13-15-00422-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**GERRIT MITCHELL ALBERS,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

---

### On appeal from the 36th District Court
### of Aransas County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Longoria
### Memorandum Opinion Per Curiam

Appellant, Gerrit Mitchell Albers, attempts to appeal from an order modifying the terms of his community supervision.   We dismiss the appeal.

On March 13, 2014, pursuant to a plea agreement, appellant pled guilty or nolo contendere to the offense of possession of heroin in an amount of less than one gram

(Count 1), and tampering with physical evidence (Count 2). *See* TEX. HEALTH & SAFETY CODE ANN. §481.115(b) (West 2010); TEX. PENAL CODE ANN. §37.09. Appellant was given a suspended sentence of three years deferred supervision for Count 1 and a suspended sentence of five years deferred supervision for Count 2.

On June 18, 2015, the State filed a motion to adjudicate guilt, alleging that Albers had violated the terms of his community supervision. A hearing on the motion was held on July 23, 2015. The trial court found that appellant violated the terms and conditions of his community supervision, but that Albers' community supervision should not be revoked. The trial court ordered the term of community supervision to be extended for a period of two years from the date of expiration of the original term for Counts 1 and 2. Appellant filed a notice of appeal on September 14, 2015.

The right to appeal is conferred by the legislature, and a party may appeal only that which the legislature has authorized. *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). A defendant has a right to appeal when his community supervision is revoked and he is adjudicated guilty and sentenced. *See* TEX. CODE CRIM. PROC. art. 42.12, § 23(b). To the contrary, there is no statutory basis for an appeal of an order modifying a term or condition of probation. *See Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Case law has long held that an order modifying or refusing to modify probation is not subject to appeal. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Perez v. State*, 938 S.W.2d 761, 762-63 (Tex. App.—Austin 1997, pet. ref'd); *Eaden v. State* 901 S.W.2d 535, 536 (Tex. App.—El Paso 1995, no pet.).

2

In this case, the record does not contain any order revoking Albers' community supervision, adjudicating his guilt, or assessing a jail or prison sentence. The trial court's orders of July 23, 2015, modified the terms of community service by extending the period of community service an additional two years.

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of October, 2015.