

NUMBER 13-16-00161-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JESUS CASTILLO,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                         Appellee.

On appeal from the 36th District Court
of Aransas County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Longoria**
**Memorandum Opinion Per Curiam**

Appellant, Jesus Castillo, attempts to appeal from an order modifying the terms of

his community supervision.   We dismiss the appeal.

On October 24, 2013, appellant pled guilty or nolo contendere to the offense of

prohibited substance in correctional facility and was given a suspended sentence of three

years deferred supervision. On November 5, 2015, the State filed a motion to revoke community service, alleging delivery of marijuana and driving while license suspended/invalid. The State filed an amended motion to revoke following Castillo's arrest for driving while intoxicated. A hearing on the motion was held on March 15, 2016. The trial court found that appellant violated the terms and conditions of his community supervision, but that Castillo's community supervision should not be revoked. The trial court ordered the term of community supervision to be extended for a period of two additional years, through October 24, 2018. Appellant filed a notice of appeal on March 22, 2016.

The right to appeal is conferred by the legislature, and a party may appeal only that which the legislature has authorized. *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). A defendant has a right to appeal when his community supervision is revoked and he is adjudicated guilty and sentenced. *See* TEX. CODE CRIM. PROC. art. 42.12, § 23(b). To the contrary, there is no statutory basis for an appeal of an order modifying a term or condition of probation. *See Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Case law has long held that an order modifying or refusing to modify probation is not subject to appeal. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Perez v. State*, 938 S.W.2d 761, 762-63 (Tex. App.—Austin 1997, pet. ref'd); *Eaden v. State* 901 S.W.2d 535, 536 (Tex. App.—El Paso 1995, no pet.).

In this case, the record does not contain any order revoking Castillo's community supervision, adjudicating his guilt, or assessing a jail or prison sentence. The trial court's order of March 15, 2016, modified the terms of community service by extending the period

2

of community service an additional two years.

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of May, 2016.