

# NUMBER 13-16-00413-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JORDAN LOCKLIN,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

### On appeal from the 94th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Jordan Locklin, attempts to appeal from an order modifying the terms of his community supervision.   We dismiss the appeal.

On February 16, 2016, pursuant to a plea agreement, appellant pled guilty to the offense of possession of a controlled substance (cocaine).   Adjudication of guilt was

deferred and appellant was placed on community supervision for a period of four years.

Thereafter, the State filed a motion to adjudicate guilt, alleging that Locklin had violated the terms of his community supervision. A hearing on the motion was held on June 17, 2016. On June 23, 2016, the trial court found that appellant violated the terms and conditions of his community supervision, but that Locklin's community supervision should not be revoked. The trial court imposed sanctions requiring appellant to participate in the substance abuse felony punishment facility (SAFPF). Appellant filed a notice of appeal on June 23, 2016.

The right to appeal is conferred by the legislature, and a party may appeal only that which the legislature has authorized. *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). A defendant has a right to appeal when his community supervision is revoked and he is adjudicated guilty and sentenced. *See* TEX. CODE CRIM. PROC. art. 42.12, § 23(b). To the contrary, there is no statutory basis for an appeal of an order modifying a term or condition of probation. *See Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Case law has long held that an order modifying or refusing to modify probation is not subject to appeal. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Perez v. State*, 938 S.W.2d 761, 762-63 (Tex. App.—Austin 1997, pet. ref'd); *Eaden v. State* 901 S.W.2d 535, 536 (Tex. App.—El Paso 1995, no pet.).

In this case, the record does not contain any order revoking Locklin's community supervision, adjudicating his guilt, or assessing a jail or prison sentence. The trial court's order of June 23, 2016, modified the terms of community service by requiring him to participate in SAFPF.

2

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of September, 2016.