

# NUMBER 13-18-00448-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOANN RIVERA,                                                                       Appellant,

v.

THE STATE OF TEXAS,                                                                 Appellee.

### On Appeal from the 148th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Longoria and Hinojosa**
**Memorandum Opinion by Chief Justice Valdez**

Appellant entered a plea of guilty to possession of a controlled substance. On June 14, 2016 the trial court deferred adjudication of her guilt and placed her on community supervision. The appellant did not file a notice of appeal at that time, but

instead brought this appeal of the trial court's subsequent order of July 3, 2018 imposing sanctions and increasing community supervision for a year. We dismiss the appeal.

The right to appeal is conferred by the legislature, and a party may appeal only that which the legislature has authorized. *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). A defendant has a right to appeal when his community supervision is revoked and he is adjudicated guilty and sentenced. *See* TEX. CODE CRIM. PROC. art. 42.12, § 23(b). To the contrary, there is no statutory basis for an appeal of an order modifying a term or condition of probation. *See Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Case law has long held that an order modifying or refusing to modify probation is not subject to appeal. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Perez v. State*, 938 S.W.2d 761, 762-63 (Tex. App.—Austin 1997, pet. ref'd); *Eaden v. State* 901 S.W.2d 535, 536 (Tex. App.—El Paso 1995, no pet.).

In this case, the record does not contain any order revoking Rivera's community supervision, adjudicating her guilt, or assessing a jail or prison sentence. Accordingly, the Clerk of this Court notified appellant that it appeared that the order from which the appeal was taken was not an appealable order and requested correction of this defect within ten days or the appeal would be dismissed. On August 31, 2018, counsel filed a letter brief with this Court concluding this Court lacks jurisdiction.

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

2

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of September, 2018.