

NUMBER 13-19-00255-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

AMANDA LEIGH HILTZMAN,                                      **Appellant,**

**v.**

THE STATE OF TEXAS,                                              **Appellee.**

---

### On appeal from the 36th District Court
### of Aransas County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Hinojosa

Appellant, Amanda Leigh Hiltzamn, attempts to appeal from an order modifying the terms of her community supervision. We dismiss the appeal.

On January 2, 2019, the trial court held a hearing on a motion to revoke appellant's community supervision. The trial court ordered the term of community supervision to be extended for a period of one additional year through July 10, 2021 and imposed additional requirements. Appellant filed a notice of appeal on June 3, 2019.

The right to appeal is conferred by the legislature, and a party may appeal only that which the legislature has authorized. *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). A defendant has a right to appeal when his community supervision is revoked and he is adjudicated guilty and sentenced. *See* TEX. CODE CRIM. PROC. art. 42.12, § 23(b). To the contrary, there is no statutory basis for an appeal of an order modifying a term or condition of probation. *See Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Case law has long held that an order modifying or refusing to modify probation is not subject to appeal. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Perez v. State*, 938 S.W.2d 761, 762-63 (Tex. App.—Austin 1997, pet. ref'd); *Eaden v. State* 901 S.W.2d 535, 536 (Tex. App.—El Paso 1995, no pet.).

In this case, the record does not contain any order revoking Hiltzman's community supervision, adjudicating her guilt, or assessing a jail or prison sentence. The trial court's order of January 2, 2019 modified the terms of community service. Even if we had jurisdiction, appellant's notice of appeal is untimely.

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 42.3(a).

LETICIA HINOJOSA
Justice

Do not publish.
*See* Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Delivered and filed the
27th day of June, 2019.