

# NUMBER 13-22-00218-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ROXAN MARTINEZ**
**A/K/A ROXANNE MARTINEZ**
**A/K/A ROXAN MARTINEZ ABREGO,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

---

### On appeal from the 214th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant, Roxan Martinez, a/k/a Roxanne Martinez, a/k/a Roxan Martinez Abrego, attempts to appeal from an order modifying the terms of her community supervision. We dismiss the appeal for want of jurisdiction.

On April 6, 2022, the trial court found that appellant was on probation upon a judgment of deferred adjudication and had violated certain terms and conditions of her community supervision. Accordingly, the trial court imposed sanctions requiring appellant to participate in the substance abuse felony punishment facility (SAFPF). On April 28, 2022, appellant filed a notice of appeal attempting to appeal the order of sanctions.

The right to appeal is conferred by the legislature, and a party may appeal only that which the legislature has authorized. *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). A defendant has a right to appeal when the community supervision is revoked, and they are adjudicated guilty and sentenced. *See* Tex. Code Crim. Proc. art. 42.12, § 23(b). However, there is no statutory basis for an appeal of an order modifying a term or condition of probation. *See Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Case law has long held that an order modifying or refusing to modify probation is not subject to appeal. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Perez v. State*, 938 S.W.2d 761, 762-63 (Tex. App.—Austin 1997, pet. ref'd); *Eaden v. State* 901 S.W.2d 535, 536 (Tex. App.—El Paso 1995, no pet.).

In this case, the record does not contain any order revoking community supervision, adjudicating appellant's guilt, or assessing a jail or prison sentence. The trial court's order signed July 13, 2022, added a sanction and/or modified the terms of community service by requiring her to participate in SAFPF.

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of August, 2022.