

# NUMBER 13-23-00535-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOE R. CARRASCO,                                                                          Appellant,

v.

THE STATE OF TEXAS,                                                                          Appellee.

### On appeal from the 214th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Longoria, Silva, and Peña
### Memorandum Opinion by Justice Peña

Appellant filed a notice of appeal attempting to appeal an order modifying an order of deferred adjudication in trial court case number 22FC-0381-F. We dismiss the appeal for want of jurisdiction.

On December 7, 2023, the Clerk of the Court notified appellant that it appears that there is no final, appealable judgment. Appellant was further notified that if the defect was not corrected within thirty days from the date of the letter, the appeal would be subject to

dismissal. On January 8, 2024, appellant's counsel responded by letter agreeing that this Court does not have jurisdiction.

On November 15, 2023, the trial court found that appellant was on probation upon a judgment of deferred adjudication and had violated certain terms and conditions of his community supervision. Accordingly, the trial court imposed sanctions requiring appellant to participate in the substance abuse felony punishment facility (SAFPF).   On December 5, 2023, appellant filed a notice of appeal attempting to appeal the order modifying his terms and conditions of his community supervision.

The right to appeal is conferred by the legislature, and a party may appeal only that which the legislature has authorized. *Marin v. State*, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993). A defendant has a right to appeal when the community supervision is revoked, and they are adjudicated guilty and sentenced. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b). However, there is no statutory basis for an appeal of an order modifying a term or condition of probation. *See Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Case law has long held that an order modifying or refusing to modify probation is not subject to appeal. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Perez v. State*, 938 S.W.2d 761, 762–63 (Tex. App.—Austin 1997, pet. ref'd); *Eaden v. State,* 901 S.W.2d 535, 536 (Tex. App.—El Paso 1995, no pet.).

In this case, the record does not contain any order revoking community supervision, adjudicating appellant's guilt, or assessing a jail or prison sentence. The trial court's order signed November 15, 2023, added a sanction and/or modified the terms and conditions of his community supervision by requiring him to participate in SAFPF.

The Court, having examined and fully considered the documents on file, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of January, 2024.