**Stacey Arnette CHRISTOPHER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–98–00567–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 4, 1999.

Discretionary Review Refused Feb. 9, 2000.

Mike Fosher, Houston, for appellant.

John B. Holmes, Robert F. McStay, Houston, for state.

Panel consists of Justices MIRABAL, HEDGES, and SMITH.[*]

**OPINION**

MARGARET GARNER MIRABAL, Justice.

Appellant, Stacey Arnette Christopher, was indicted for theft of an auto and unauthorized use of a vehicle on August 26,

---

\* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1992. Appellant entered a plea of guilty to auto theft pursuant to a plea agreement on February 22, 1993. The trial judge deferred adjudication of guilt and placed appellant on community supervision for five years. The State abandoned the unauthorized use of a vehicle charge.

Two of the conditions of appellant's community supervision were that she commit no offense, and that she pay supervisory fees. On February 4, 1998, the trial court signed an "order modifying conditions of community supervision," which extended appellant's community supervision for an additional year. The order stated that all terms and conditions would remain in "full force and effect" except for the supervisory fees, which were waived for the future year, and that appellant remained responsible for the "balance of $1,665.58."

On March 11, 1998, the State filed a motion to adjudicate guilt, alleging that from September 12, 1997 through September 30, 1997, appellant committed theft, and also that appellant failed to pay $1665.58 in arrears for her supervisory fees. Following a hearing, on May 21, 1998, the trial court adjudicated appellant guilty of the original auto theft offense, and assessed punishment at five years confinement.

In a single point of error, appellant asserts she has suffered "constitutional harm" because the trial court lacked the authority to revoke appellant's community supervision. Specifically, appellant contends the trial court order issued on February 4, 1998, extending her community supervision for an additional year was invalid, and therefore the State's motion to adjudicate guilt filed on March 11, 1998 was invalid, because it was filed too late, after February 21, 1998, the original expiration date of appellant's community supervision. According to appellant, the one-year extension of her community supervision was based solely on her owing fees, and this violated article I, section 18,

of the Texas Constitution, which forbids the imprisonment of a person for a debt, and article I section 19, which guarantees all citizens of Texas "due course of the law." TEX. CONST. art. I, § 18 & 19.

Appellant frames the issue presented as follows:

Since appellant was on deferred adjudication appellant does not contest the decision to find her guilty and revoke her probation. The issue presented is whether the trial court's extension of appellant's probation was valid.

Thus, appellant is attempting to attack by appeal the order modifying the terms of her community supervision.[1] This she cannot do. The Legislature has not conferred the right to have an order modifying community supervision conditions reviewed by appeal, and case law directs that no such right exists. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex.Crim.App. 1977); *Perez v. State*, 938 S.W.2d 761, 762–63 (Tex.App.—Austin 1997, pet. ref'd); *Eaden v. State*, 901 S.W.2d 535, 536 (Tex. App.—El Paso 1995, no pet.). As a result, we are without jurisdiction of this appeal.

We dismiss the appeal for lack of jurisdiction.

---

1. A trial court's order extending community supervision for an additional year is a "modification of the conditions of community supervision" under the Texas Code of Criminal Procedure. TEX.CODE CRIM. P. ANN. art. 42.12, § 22(a)(2) (Vernon Supp.1999).