NUMBER 13-99-816-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________ 


 EX PARTE: JEFFREY EDWARDS

__________________________________________________________________ 


On appeal from the 36th District Court

of San Patricio County, Texas.

__________________________________________________________________ 



O P I N I O N

Before Chief Justice Seerden and Justices Dorsey and Rodriguez 

Opinion by Chief Justice Seerden

 

 Jeffrey Edwards, applicant, applied to the trial court for a writ of habeas corpus compelling his release from what he terms
an unlawful confinement. The court denied his application after a hearing. Edwards has appealed that order to this court. 

 The truncated record before us indicates that, after being charged in 1993 with possession of a controlled
substance,(1)Edwards was placed on deferred adjudication community supervision for a period of eight years. The record
shows that appellant was arrested and confined after the State filed a motion to revoke community supervision. On the
morning of the hearing on the State's motion, the State moved to dismiss its motion. The same day, following a motion to
modify filed by the State, the trial court signed an order modifying the conditions of Edwards' community supervision to
include the possibility of confinement in a drug treatment facility. Edwards applied for a writ of habeas corpus. He
specifically argued that the trial court could not modify the terms of his community supervision without first obtaining his
written consent to the modification. The trial court held a hearing, heard argument from both sides, and denied the
application. 

 Edwards remains unadjudicated, so this is a preconviction habeas proceeding. 

 In general, an appellate court may consider appeals by criminal defendants only after a conviction. See Workman v. State,
343 S.W.2d 446, 447 (Tex. Crim. App. 1961). Absent some express authority to do so, an appellate court has no
jurisdiction to review interlocutory orders. Ex parte Apolinar v. State, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991).
However, the court of criminal appeals has recently concluded that, without regard to the cognizibility of the particular
claim, appellate courts have constitutionally-conferred jurisdiction, pursuant to Article V, section 8, over interlocutory
orders. See Ex parte McCullough, 966 S.W.2d 529, 531 (Tex. Crim. App. 1998). 

 However, Edwards seeks to appeal the modification of the conditions of his community supervision. There is no statutory
authority conferring "the right to have an order modifying community supervision conditions reviewed by appeal, and case
law dictates that no such right exists." Christopher v. State, 7 S.W.3d 224, 225 (Tex. App.--Houston [1st Dist.] 1999, pet.
ref'd) (citing Basaldua v. State, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); Perez v. State, 938 S.W.2d 761, 762-63 (Tex.
App.--Austin 1997, pet. ref'd)). Thus, while we generally have constitutionally-conferred jurisdiction to consider appeals
from interlocutory orders, we specifically lack jurisdiction to review the particular complaints Edwards raises here. 

 Accordingly, we dismiss the appeal for want of jurisdiction. 



 

ROBERT J. SEERDEN, Chief Justice 



Do not publish . 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this 22nd day of November, 2000. 

 

1. Tex. Health & Safety Code Ann. § 481.115 (Vernon 1998).