NO. 07-01-0233-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 6, 2001

______________________________

MANUEL BARBA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 181
ST
 DISTRICT COURT OF POTTER COUNTY;

NO. 39,460-B; HONORABLE JOHN BOARD, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

DISMISSAL

Pursuant to a plea of guilty to the offense of criminal nonsupport, appellant Manuel Barba was granted deferred adjudication and placed on community supervision for three years.  After orders amending the conditions and extending the period of community supervision were entered, the State filed a motion to revoke alleging multiple violations.  The trial court signed an order reciting that “defendant’s Order Deferring Adjudication and Placing Defendant on Community Supervision should be amended.”
(footnote: 1)  Acting pro se, appellant filed a notice of appeal asserting he was not “satisfied with the Court [sic] decision.” 

A trial court may modify the conditions of community supervision pursuant to article 42.12, section 22(a) of the Texas Code of Criminal Procedure Annotated (Vernon Supp. 2001).  However, the Legislature has not conferred the right to appeal from an order modifying the conditions of community supervision.  Christopher v. State, 7 S.W.3d 224, 225 (Tex.App.–Houston [1
st
 Dist.] 2000, pet. ref’d); 
see also
 Basaldua v. State, 558 S.W.2d 2, 5 (Tex.Cr.App. 1977).  Resultantly, we are without jurisdiction to review this matter.

Accordingly, the appeal is dismissed for want of jurisdiction.

Don H. Reavis

         Justice

Do not publish.

FOOTNOTES
1:
The order does not, however, recite the manner in which appellant’s community supervision was to be amended.