IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00144-CR

 

Michael Reed,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 03-00032-CRF-272

 



DISSENTING Opinion ON MOTION FOR REHEARING










 

Today a majority of the Court denies rehearing
to consider whether to shoot “at” something you necessarily have to be outside
of it.  I dissented on original submission and write this as a supplement to my
original dissenting opinion and to the denial of the motion for rehearing.

In my original dissenting opinion, I used an
example from music; today’s example comes from the movies.  As you may recall,
near the end of the movie, Men In Black, Tommy Lee Jones, whose
character in the movie was “K,” had his weapon taken away from him by an alien,
the bug.  The bug swallowed K’s weapon.  K then enticed the bug to swallow him
too.  Moments later, as “J,” played by Will Smith, tries to “negotiate” with
the bug, you hear the high pitched sound of the weapon as it energizes.  J
tells the bug “too late” whereupon K, from inside the bug, fires his
weapon.  The bug explodes.  Men in Black (Amblin Entertainment 1997)
(motion picture).  In this Hollywood moment lives the graphic example that you
can be inside something and still shoot “at” it.

Similarly, if Jonah had a weapon, he probably
would have shot “at” the “big fish” that swallowed him too.  See Jonah
1:17.

With these additional comments, I respectfully
dissent to the denial of the motion for rehearing.

 

                                                          TOM GRAY

                                                          Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

(Justices
Vance and Justice Reyna voting to deny the motion for rehearing do not join
this dissenting opinion)

Dissenting
opinion delivered and filed February 13, 2007

Publish
with Dissenting Opinion issued December 20, 2006

[CR25]






0;

      James Edward Rice seeks to appeal “the revocation of [his] probation.” Because Rice’s
community supervision has not been revoked, we will dismiss the appeal.
      In July 2003, the trial court sentenced Rice to ten years’ imprisonment and a $1,500 fine
for felony DWI, suspended imposition of sentence, and placed him on community supervision
for five years. The State filed a motion to revoke Rice’s community supervision in November
2003. After a hearing, the court found that Rice had violated the terms of his community
supervision but decided not to revoke his community supervision. Instead, the court modified
the terms and conditions of community supervision, requiring Rice to serve not less than six
months nor more than one year in a substance abuse treatment facility operated by the
Department of Criminal Justice. See Tex. Code Crim. Proc. Ann. art. 42.12, § 14 (Vernon
Supp. 2004).
      An order modifying the terms and conditions of community supervision is not reviewable
by direct appeal.


 Basaldua v State, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); Christopher v.
State, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). Accordingly, the
appeal is dismissed.

                                                                   PER CURIAM

Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna
Appeal dismissed
Opinion delivered and filed June 23, 2004
Do not publish
[CR25]