Opinion issued March 1, 2007














In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00462-CR

____________


PAMELA KAY BAILEY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1020678 






MEMORANDUM OPINION

 Appellant, Pamela Kay Bailey, pleaded guilty to the state jail felony offense
of possession of a controlled substance. On March 22, 2005, in accordance with
appellant's plea bargain agreement with the State, the trial court deferred a finding
of guilt and placed appellant on two years deferred adjudication. Appellant did not
give notice of appeal.

 On March 17, 2006, a second motion to adjudicate guilt was filed by the State. 
On March 30, 2006, counsel A. J. Broussard was appointed to represent appellant on
the motion to adjudicate. On April 11, 2006, the trial court granted the State's motion
to dismiss its motion to adjudicate guilt and amended appellant's terms and
conditions of community service. On May 2, 2006, appellant filed a pro se notice of
appeal.

 Appellant's court-appointed counsel has filed a motion to withdraw as
counsel and a brief concluding that this appeal is without merit. Counsel's brief
meets the requirements of Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396,
1400 (1967), by presenting a professional evaluation of the record that demonstrates
the lack of arguable grounds of error. See High v. State, 573 S.W.2d 807, 811 (Tex.
Crim. App. 1978); Moore v. State, 845 S.W.2d 352, 353 (Tex. App.--Houston [1st
Dist.] 1992, pet. ref'd).

 Counsel represents that he served a copy of the brief on appellant. Counsel
also advised appellant of his right to examine the appellate record and file a pro se
brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). More than
30 days have passed, and appellant has not filed a pro se brief.

 We have reviewed the record and counsel's brief. We find that we do not have
jurisdiction over this appeal. No appeal may be taken from an order modifying the
conditions of community supervision. Basaldua v. State, 558 S.W.2d 2, 5 (Tex.
Crim. App. 1977); Christopher v. State, 7 S.W.3d 224, 225 (Tex. App.--Houston [1st
Dist.] 1999, pet. ref'd).

 Therefore, we dismiss this appeal for lack of jurisdiction.

 We grant counsel's motion to withdraw. (1) See Stephens v. State, 35 S.W.3d
770, 771 (Tex. App.--Houston [1st Dist.] 2000, no pet.). 

 Any pending motions are denied as moot.

PER CURIAM


Panel consists of Chief Justice Radack, and Justices Alcala and Bland.

Do not publish. Tex. R. App. P. 47.2(b).
1. Counsel has a duty to inform appellant of the result of his appeal and also to
inform him that he may, on his own, pursue discretionary review in the Texas
Court of Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997).