Opinion issued March
1, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 


 
 

 
 



NO. 01-11-00678-CR

____________

 








JOHNATHAN JAMES FOSTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause No. 1287645

 


 
 

 
 
 



MEMORANDUM
OPINION








          Appellant,
Jonathan James Foster, pleaded guilty to the felony offense of assault on a
family member.  Pursuant to appellant’s plea
agreement with the State, the trial court deferred adjudication of his guilt
and, on December 7, 2010, placed him on community supervision for four years.  On May 23, 2011, the State moved to adjudicate
appellant’s guilt.  On July 14, 2011, the
trial court dismissed the State’s motion and modified the conditions of his community
supervision.  On July 29, 2011, appellant
filed a notice of appeal.  We dismiss the
appeal. 

To the degree that appellant seeks to
appeal the trial court’s December 7, 2010 order deferring adjudication of his
guilt and placing him on community supervision, his notice of appeal is
untimely. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (Vernon Supp. 2011);
Dillehey v. State, 815 S.W.2d 623,
626 (Tex. Crim. App.1991) (allowing appeal from order deferring adjudication of
guilt).  The record reflects that
appellant was placed on community supervision on December 7, 2010 and any
notice of appeal was due on or before January 6, 2011.  See
Tex. R. App. P. 26.2(a).  Because appellant filed his notice of appeal
on July 29, 2011, it was untimely and we have no jurisdiction to consider it.  See
Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996); Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).   

Moreover, the trial court’s
certification of appellant’s right to appeal states that this is a plea bargain
case and he has no right of appeal.  See Tex.
R. App. P. 25.2(a)(2); Hargesheimer
v. State, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006) (holding that plea
bargain is complete at time defendant enters plea of guilty in exchange for community
supervision). Appellant did not appeal any pre-trial matters, and the trial
court did not give appellant permission to appeal.  See
Tex. R. App. P. 25.2(a)(2).  The record supports the trial court’s
certification. See Dears v. State,
154 S.W.3d 610, 615 (Tex. Crim. App. 2005); Hargesheimer,
182 S.W.3d at 913 (stating that rule 25.2 restricts appeal when defendant
appeals placement on community supervision). 
Because appellant has no right of appeal, we must dismiss the appeal.  See Chavez
v. State, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Further, to the degree that appellant
seeks to challenge the trial court’s July 14, 2011 order modifying the terms and
conditions of his community supervision [1],
such an order is not appealable.  See Davis v. State, 195 S.W.3d 708, 711
(Tex. Crim. App. 2006); Christopher v.
State, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d) (stating
that no appeal lies from order modifying conditions of community supervision). 

Accordingly, we dismiss the appeal
for want of jurisdiction and dismiss all pending motions as moot.

PER CURIAM

Panel consists of Justices Jennings, Massengale, and Huddle.

 

Do not publish. 
Tex. R. App. P. 47.2(b). 











[1]
              A
trial court’s order to extend community supervision for an additional year and
place a defendant in a substance abuse felony punishment program constitutes a modification
of the conditions of community supervision. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 22(a)(2), (4) (West
Supp. 2011).