Opinion issued March
1, 2012.



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00580-CR

____________

 








JANDY LEE PERKINS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1242828

 

 



MEMORANDUM
OPINION








          Appellant,
Jandy Lee Perkins, pleaded guilty to the felony offense of possession of a
controlled substance.  Pursuant to
appellant’s plea agreement with the State, the trial court deferred
adjudication of his guilt and, on January 20, 2010, placed him on community
supervision for two years.  On May 19, 2011,
the State moved to adjudicate appellant’s guilt.  On May 24, 2011, the trial court dismissed the
State’s motion and modified the conditions of his community supervision.  On June 22, 2011, appellant filed a notice of
appeal.  We dismiss the appeal.

To the degree that appellant seeks to
appeal the trial court’s January 20, 2010 order deferring adjudication of his
guilt and placing him on community supervision, his notice of appeal is
untimely. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (Vernon Supp. 2011);
Dillehey v. State, 815 S.W.2d 623,
626 (Tex. Crim. App.1991) (allowing appeal from order deferring adjudication of
guilt).  The record reflects that appellant
was placed on community supervision on January 20, 2010 and any notice of
appeal was due on or before February 19, 2010. 
See Tex. R. App. P. 26.2(a).  Because appellant filed his notice of appeal
on June 22, 2011, it was untimely and we have no jurisdiction to consider it.  See
Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996); Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998).   

Moreover, the trial court’s
certification of appellant’s right to appeal states that this is a plea bargain
case and he has no right of appeal.  See Tex.
R. App. P. 25.2(a)(2); Hargesheimer
v. State, 182 S.W.3d 906, 913 (Tex. Crim. App. 2006) (holding that plea
bargain is complete at time defendant enters plea of guilty in exchange for
community supervision).  Appellant did
not appeal any pre-trial matters, and the trial court did not give appellant
permission to appeal.  See Tex.
R. App. P. 25.2(a)(2).  The record
supports the trial court’s certification. See
Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005); Hargesheimer, 182 S.W.3d at 913 (stating
that rule 25.2 restricts appeal when defendant appeals placement on community
supervision).  Because appellant has no
right of appeal, we must dismiss the appeal. 
See Chavez v. State, 183
S.W.3d 675, 680 (Tex. Crim. App. 2006).

Further, to the degree that appellant
seeks to challenge the trial court’s May 24, 2011 order modifying the terms and
conditions of his community supervision[1],
such an order is not appealable.  See Davis
v. State, 195 S.W.3d 708, 711 (Tex. Crim. App. 2006); Christopher v. State, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st
Dist.] 1999, pet. ref’d) (stating that no appeal lies from order modifying
conditions of community supervision).

Accordingly, we dismiss the appeal
for want of jurisdiction and dismiss all pending motions as moot.

PER CURIAM

Panel consists of Justices Jennings, Massengale, and Huddle.

 

Do not publish. 
Tex. R. App. P. 47.2(b). 











[1]
              A
trial court’s order to extend community supervision for an additional year and
place a defendant in a substance abuse felony punishment program constitutes a modification
of the conditions of community supervision. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 22(a)(2), (4) (West
Supp. 2011).