**Opinion issued February 21, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00529-CR

————————————

**CHARLESTON CLARK SINGLETARY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1156595**

## MEMORANDUM OPINION

Appellant, Charleston Clark Singletary, attempts to appeal from a modification to the term of his community supervision. We dismiss the appeal for lack of jurisdiction.

Appellant pleaded guilty to the felony offense of evading arrest with a motor vehicle. The trial court deferred adjudication of appellant's guilt, placed him on community supervision for two years, and assessed a $200 fine. On February 7, 2012, the State moved to adjudicate appellant's guilt, alleging that appellant had violated the terms of his community supervision. On April 3, 2012, appellant moved to recuse the trial judge presiding over the case. The trial judge denied appellant's motion the same day. On May 2, 2012, the administrative judge denied appellant's motion to recuse the trial judge. On May 4, 2012, the trial court extended the term of appellant's community supervision for two years. Appellant, proceeding pro se, appealed.

Appellant seeks to appeal the trial court's modification of his community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 22(a)(2) (West Supp. 2012) (extending term of community supervision constitutes modification). When a community-supervision violation is proven, the trial court has the discretion to continue or modify the terms of community supervision. *Ex parte Doan*, 369 S.W.3d 205, 212 (Tex. Crim. App. 2012). A modification of the terms and conditions of community supervision is not an appealable order. *See Davis v. State*, 195 S.W.3d 708, 710–11 (Tex. Crim. App. 2006) (stating that complaint about condition that does not serve as basis for revocation cannot be considered); *Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999,

pet. ref'd) (stating that no appeal lies from modification of terms of community supervision).

Appellant states in his notice of appeal that he seeks to appeal the modification on the grounds that his constitutional rights were violated because the trial judge signed the modification while appellant's motion to recuse was pending before the administrative judge. The record shows, however, that the trial judge signed the modification after the administrative judge had denied appellant's motion to recuse.

We dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).