**Opinion issued February 27, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00304-CR

———————————

**CHARLESTON CLARK SINGLETARY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1156595**

---

## MEMORANDUM OPINION

Appellant, Charles Clark Singletary, attempts to appeal an unsatisfactory termination of his community supervision. We dismiss the appeal for lack of jurisdiction.

Appellant pleaded guilty to the felony offense of evading arrest with a motor vehicle. The trial court deferred adjudication, placed him on community supervision for two years, and assessed a $200 fine. On February 7, 2012, the State moved to adjudicate appellant's guilt, alleging that appellant had violated the terms of his community supervision. On May 4, 2012, the trial court extended the term of appellant's community supervision for two years. On May 22, 2013, appellant appealed the extension order, which this Court dismissed for lack of jurisdiction on February 21, 2013.[*]

On February 22, 2013, the trial court held a status hearing and entered an "Order Affecting Community Supervision," which unsatisfactorily terminated appellant's community supervision and released him from any continuing obligation under community supervision. On March 22, 2013, appellant filed a notice of appeal of the trial court's February 22, 2013 order. On June 3, 2013, the Public Defender's Office suggested that the order unsatisfactorily terminating appellant's community supervision was not appealable. The State did not file a response. We agree with the Public Defender's Office that the February 22, 2013 order is not an appealable order.

The trial court's order modified the terms of appellant's community supervision by reducing the length of appellant's supervision. A modification of

---

[*] The appeal was in this Court as Cause No. 01-12-00529-CR, *Charles Clark Singletary v. State of Texas*.

2

the terms and conditions of community supervision is not an appealable order. *See Davis v. State*, 195 S.W.3d 708, 710-11 (Tex. Crim. App. 2006) (stating that complaint about condition that does not serve as basis for revocation cannot be considered); *Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) ("The Legislature has not conferred the right to have an order modifying community supervision conditions reviewed by appeal, and case law directs that no such right exists.").

A defendant has a right to appeal when his community supervision is revoked and he is adjudicated guilty and sentenced. *See* TEX. CODE CRIM. PROC. art. 42.12, § 23(b) ("When [the defendant] is notified that his community supervision is revoked for violation of the conditions of community supervision and he is called on to serve a sentence in a jail or in the Texas Department of Criminal Justice, he may appeal the revocation."). That is not the case here. The record does not contain an order revoking appellant's community supervision. Nor does the record contain a judgment or any other document reflecting that appellant was adjudicated guilty or that any sentence was assessed or imposed. Instead, the trial court's order terminated appellant's community supervision.

We dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).