**Opinion issued April 22, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01070-CR

————————————

**LOGAN DANIELLE REED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1377551**

## MEMORANDUM OPINION

Appellant, Logan Danielle Reed, pleaded guilty to the offense of evading arrest or detention with a motor vehicle.[*] On March 18, 2013, the trial court entered an order that deferred adjudicating Reed's guilt, placed Reed on

---

[*] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(1)(B) (West. Supp. 2013).

community supervision for three years, and assessed a $500 fine. The trial court amended the conditions of Reed's community supervision on three separate occasions on August 8, 2013, October 3, 2013, and December 10, 2013. On November 22, 2013, Reed filed a *pro se* notice of appeal stating that "the defendant gives Notice of Appeal of [her] conviction." We dismiss the appeal for lack of jurisdiction.

The trial court signed an order on March 18, 2013 sentencing Reed to community supervision. Reed did not file a motion for new trial nor did she file a motion for an extension of time to file her notice of appeal. *See* TEX. R. APP. P. 26.2(a)(2), 26.3(b); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (requiring both notice of appeal and motion for extension to be filed within 15 days of original due date for notice of appeal). Therefore, Reed's notice of appeal was due by April 17, 2013. *See* TEX. R. APP. P. 26.2(a)(1).

Reed untimely filed her notice of appeal on November 22, 2013. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.2(b); *Slaton v. State*, 981 S.W.2d 208, 209–10 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Douglas v. State*, 987 S.W.2d 605, 605–06 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

Furthermore, to the extent that Reed attempts to appeal the trial court's modifications of the terms and conditions of her community supervision, such

modifications are not appealable. *See Davis v. State*, 195 S.W.3d 708, 710–11 (Tex. Crim. App. 2006) (stating that complaint about condition that does not serve as basis for revocation cannot be considered); *Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) ("The Legislature has not conferred the right to have an order modifying community supervision conditions reviewed by appeal, and case law directs that no such right exists.").

Accordingly, we dismiss the appeal for want of jurisdiction.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).