**Opinion issued June 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-15-00248-CR**

———————————

**NII-OTABIL NELSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1372073**

---

## MEMORANDUM OPINION

Appellant, Nii-Otabil Nelson, attempts to appeal from an order modifying the terms of his community supervision. We dismiss the appeal for lack of jurisdiction.

# BACKGROUND

On April 15, 2014, after being charged with injury to a child, a third-degree felony, Nelson pleaded *nolo contendere* or no contest to the reduced charge of assault—bodily injury, a class A misdemeanor. *See* TEX. PENAL CODE ANN. §§22.04(a)(3), (f), 22.01(a)(1), (b) (West Supp. 2014). The trial court placed Nelson on deferred adjudication community supervision for eighteen months that day, assessed a $200 fine, and ordered him to serve seven days in jail as a condition of probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2014).

According to the clerk's record, the trial court granted Nelson's motion to serve his county jail time during fourteen days of off-work hours and amended his conditions of community supervision on May 15, 2014. *See* TEX. CODE CRIM. PROC. ANN. art. 42.033(a) (West Supp. 2014) (permitting confinement as condition of community supervision to be served during off-work hours at county jail). Furthermore, after the State filed a motion to adjudicate Nelson's guilt, alleging that he had violated the terms of his community supervision on June 10, 2014, the trial court initially set his community supervision bond at $5,000 and lowered it to $2,500, which Nelson paid on June 19, 2014. On June 20, 2014, the trial court dismissed the State's motion to adjudicate after amending Nelson's conditions of community supervision to allow him to serve his fourteen days of off-hours jail

2

time while under house arrest through electronic monitoring for a few weekends. *See* TEX. CODE CRIM. PROC. ANN. art. 42.035(a), (b) (West Supp. 2014) (permitting confinement as condition of community supervision to be served during house arrest through electronic monitoring).

On November 19, 2014, the State filed an amended motion to adjudicate Nelson's guilt, alleging that Nelson had violated the terms of his community supervision. According to the clerk's record, the trial court increased Nelson's community supervision bond to $10,000 on December 5, 2014, which he paid on December 7, 2014. A case reset form filed on November 20, 2014, indicated that the amended motion to adjudicate hearing was reset for February 26, 2015.

On February 26, 2015, Nelson appeared with counsel before the trial court on the State's amended motion to adjudicate guilt. According to the docket sheet, the trial court orally modified the terms of Nelson's community supervision by revoking his community supervision bond, issuing an alias capias, and ordering him to serve ninety days in county jail as a condition of probation, but it did not sign a written order. On March 2, 2015, the trial clerk filed a written court directive memorializing the February 26, 2015 hearing, noting that the trial court had revoked Nelson's community supervision bond, set it at zero, remanded him to the custody of the sheriff, and ordered him to serve ninety days in Harris County Jail ("HCJ") as a condition of probation.

3

On March 9, 2015, Nelson filed an unsigned form notice of appeal of his conviction, with the handwritten notation that he was appealing the amended motion to adjudicate guilt, and checked a box requesting that the trial court set bail. On March 11, 2015, the trial court denied Nelson's request for bail by handwriting on the notice of appeal that it was not properly filed, apparently because it was unsigned as the trial court circled the unsigned signature line for Nelson. On the appeal card attached to the notice of appeal, there was the following handwritten notation, apparently written by the trial clerk, that "[t]his was done in open court. Judge gave defendant 90 days HCJ as a condition of probation. When the 90 days is up, she will unsatisfactorily terminate his probation."

On April 28, 2015, Nelson appeared with counsel before the trial court on the State's amended motion to adjudicate guilt, and the court granted the State's motion to dismiss its motion to adjudicate in an order signed that day with the handwritten explanation that the court was unsatisfactorily terminating Nelson. That same day, the trial court signed a separate "Order Affecting Community Supervision" which unsatisfactorily terminated Nelson from deferred adjudication community supervision, released him from any continuing obligation under community supervision, and discharged Nelson according to law. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(c). Nelson did not file a notice of appeal from the trial court's April 28, 2015 order. Although Nelson's March 9, 2015 notice of

4

appeal states that it was from the amended motion to adjudicate guilt, the State filed the amended motion to adjudicate guilt and the trial court did not grant that motion or find Nelson guilty at the February 26, 2015 hearing. Instead, because the trial court modified the terms of Nelson's community supervision, this Court construes the notice of appeal to be from the March 2, 2015 directive memorializing the court's modification.[1]

## ANALYSIS

Article 42.12, section 5 of the Texas Code of Criminal Procedure addresses community supervision in no-contest plea cases, as here, where the trial court deferred adjudication of guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (stating that "the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision"). Section 5 also provides that "[t]he judge may impose a fine applicable to the offense and require any reasonable conditions of community supervision, including mental health treatment under Section 11(d) of this article, that a judge could impose on a defendant placed on

---

[1] The clerk's record was filed in this Court on May 6, 2015. Although the court reporter filed a writ hearing record and an abatement hearing record, those were inadvertently filed in this appellate cause number because they refer to the related appellate cause number 01-14-00924-CR. The court reporter filed an information statement in this Court on May 29, 2015, confirming that there was no record taken for the motion to adjudicate hearing where the trial court modified the terms of community supervision, which is the subject of this appeal.

community supervision for a conviction that was probated and suspended, *including confinement*." *Id.* (emphasis added).

Furthermore, article 42.12, section 12, addresses requiring a defendant's confinement as a condition of community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 12(a). Section 12(a) states that "[i]f a judge having jurisdiction of a misdemeanor case requires as a condition of community supervision that the defendant submit to a period of confinement in a county jail, the period of confinement may not exceed 30 days." *Id.* However, for felony cases in which the trial judge requires confinement as a condition of community supervision, "the period of confinement may not exceed 180 days." *Id.* Also, "[a] judge may impose confinement as a condition of community supervision under Subsection (a) of this section on placing the defendant on supervision or at any time during the supervision period." *Id.* at § 12(c). Here, after Nelson pleaded no contest to the reduced misdemeanor assault charge, the trial court placed Nelson on eighteen months deferred adjudication community supervision, assessed a $200 fine, and ordered him to serve seven days in jail as a condition of probation. *See id.* at §§ 5(a), 12(a).

Moreover, article 42.035, which addresses allowing a defendant to serve a period of confinement as a condition of community supervision during house arrest using electronic monitoring, also states that "[t]he judge may require bail of the

defendant to ensure the faithful performance of the sentence." TEX. CODE CRIM. PROC. ANN. art. 42.035(b). However, "[a] court may revoke a defendant's participation in an electronic monitoring program and require the defendant to serve the remainder of the defendant's sentence of confinement in county jail if the defendant violates a condition imposed by a court under this article, including a condition requiring the defendant to pay for participating in the program under Subsection (c)." *Id.* at art. 42.035(e).

In addition, a defendant has a right to appeal when his community supervision is revoked and he is adjudicated guilty and sentenced. *See* TEX. CODE CRIM. PROC. art. 42.12, § 23(b) ("When [the defendant] is notified that his community supervision is revoked for violation of the conditions of community supervision and he is called on to serve a sentence in a jail or in the Texas Department of Criminal Justice, he may appeal the revocation."); *see also Singletary v. State*, No. 01-13-00304-CR, 2014 WL 810838, at *1 (Tex. App.— Houston [1st Dist.] Feb. 27, 2014, pet. ref'd) (mem. op., not designated for publication) (citations omitted). To the contrary, an order modifying the terms and conditions of community supervision is not an appealable order. *See Davis v. State*, 195 S.W.3d 708, 710–11 (Tex. Crim. App. 2006) ("[A]n order modifying the terms or conditions of deferred adjudication is not in itself appealable."); *Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999,

7

pet. ref'd) ("The Legislature has not conferred the right to have an order modifying community supervision conditions reviewed by appeal, and case law directs that no such right exists."); *see also Singletary*, 2014 WL 810838, at *1 (same).

In this case, the record does not contain any order revoking Nelson's community supervision, adjudicating his guilt, or assessing a jail or prison sentence. *See Singletary*, 2014 WL 810838, at *1. Instead, the March 2, 2015 court directive modified the terms of Nelson's community supervision by revoking his $10,000 community supervision bond, which the judge apparently had required to ensure Nelson's faithful performance of the period of confinement under house arrest, and ordered him to serve ninety days in jail as a condition of probation. *See* TEX. CODE CRIM. PROC. ANN. art. 42.035(b), (e), art. 42.12 § 12(a).

Further, to the extent that the trial court's March 2, 2015 directive increased the period of Nelson's confinement as a condition of probation from seven days to ninety days, the directive modified the period of confinement to within the statutory allowance for a trial court having jurisdiction over a felony charge, as here, which is 180 days in jail. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, §12(a). Thus, such an order modifying the terms of community supervision, as here, which does not involve revoking community supervision, adjudicating guilt, and imposing a jail or prison term, is not appealable. *See Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *see also Davis*, 195 S.W.3d at 710–11

8

(stating that complaint about condition of community supervision that does not serve as basis for revocation cannot be considered on appeal); *Christopher*, 7 S.W.3d at 225 (holding that no appeal lies from order modifying terms of community supervision).

Finally, to the extent that Nelson intended to appeal the trial court's March 11, 2015 order denying his request to set bail, that is not a final, appealable order. Except in narrow circumstances not present here, we lack jurisdiction to review interlocutory orders. *See Means v. State*, 825 S.W.2d 260, 260 (Tex. App.—Houston [1st Dist.] 1992, no pet.); *see also Casas v. State*, No. 01-11-01055-CR, 2012 WL 1893748, at *1 (Tex. App.—Houston [1st Dist.] May 24, 2012, no pet.) (mem. op., not designated for publication) (citations omitted).

## CONCLUSION

Accordingly, we **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Massengale.

Do not publish. TEX. R. APP. P. 47.2(B).