

# NUMBER 13-19-00352-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**RICARDO DE LA CRUZ,**                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                           **Appellee.**

---

### On appeal from the County Court at Law
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant Ricardo De La Cruz, proceeding pro se, attempts to appeal a June 19, 2019 order amending the conditions of his community supervision rendered in trial court cause number 81178 in the County Court at Law of San Patricio County, Texas. We dismiss the appeal for want of jurisdiction.

On March 31, 2017, appellant was convicted of violating § 550.025(a) of the Texas Transportation Code. *See* TEX. TRANSP. CODE ANN. § 550.025(a) (requiring the operator of a vehicle involved in an accident resulting only in damage to a structure adjacent to a highway or a fixture or landscaping legally on or adjacent to a highway to, inter alia, take reasonable steps to locate and notify the owner or person in charge of the property). On June 19, 2019, the trial court signed an order amending the conditions of appellant's community supervision. This order extended appellant's term of community supervision for one year.

On July 15, 2019, appellant filed a pro se notice of appeal regarding the order amending the conditions of his community supervision. On July 16, 2019, the Clerk of this Court notified appellant that it appeared that there was not a final, appealable judgment in this case and requested correction of this defect if it could be done. The Clerk notified appellant that the appeal would be dismissed if the defect was not cured. Appellant has not corrected the defect.

An appellate court has the obligation to determine its own jurisdiction. *See Ramirez v. State*, 89 S.W.3d 222, 225 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.); *Yarbrough v. State*, 57 S.W.3d 611, 615 (Tex. App.—Texarkana 2001, pet. ref'd); *see also Laureles v. State*, No. 13-13-00535-CR, 2014 WL 1669102, at *1 (Tex. App.— Corpus Christi–Edinburg Apr. 24, 2014, no pet.) (mem. op., not designated for publication). This court does not have jurisdiction to consider an appeal from an order altering or modifying the conditions of community supervision. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.]

1999, pet. ref'd); *see also Helms v. State*, No. 02-14-00170-CR, 2014 WL 3778283, at *1 (Tex. App.—Fort Worth July 31, 2014, no pet.) (per curiam mem. op., not designated for publication); *Laureles*, 2014 WL 1669102, at *1; *Roberts v. State*, No. 04-11-00154-CR, 2011 WL 2150762, at *1 (Tex. App.—San Antonio May 25, 2011, pet. ref'd).

The Court, having examined and fully considered the notice of appeal, the supplemental clerk's record, and the matters before the Court, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters herein. Because there is no appealable order, we DISMISS the appeal for want of jurisdiction. *See Davis*, 195 S.W.3d at 710; *Basaldua*, 558 S.W.2d at 5. All pending motions, if any, are likewise DISMISSED.

GINA M. BENAVIDES,
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of September, 2019.