# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-19-00926-CR

**Jasmine Rochelle Lewis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 368TH DISTRICT COURT OF WILLIAMSON COUNTY
### NO. 18 -1292-K368, THE HONORABLE RICK J. KENNON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jasmine Rochelle Lewis was placed on deferred adjudication community supervision per the terms of a plea-bargain agreement for the offense of possessing less than one gram of a controlled substance (methamphetamine). *See* Tex. Health & Safety Code §§ 481.102(6), .115(a), (b); Tex. Code Crim. Proc. art. 42A.101. Months later, the State filed a motion to adjudicate Lewis's conviction and revoke her community supervision alleging that Lewis violated the terms of her community supervision, but the State subsequently filed a motion to dismiss the motion to adjudicate. After the State filed its motion to dismiss, the district court continued Lewis on community supervision and added additional terms to her community supervision, including her temporary placement at a substance abuse felony punishment facility. *See* Tex. Gov't Code § 493.009; Tex. Code Crim. Proc. art. 42A.303. Following that ruling, Lewis filed a notice of appeal.

"There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision." *Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); *see also id.* (stating that "[a] complaint about a modification can, however, be raised in an appeal from a revocation if the validity of the revocation depends on the validity of the modification"). Similarly, "an order modifying the terms or conditions of deferred adjudication is not in itself appealable." *Id.* at 711; *see also Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (explaining that "[t]he Legislature has not conferred the right to have an order modifying community supervision conditions reviewed by appeal, and case law directs that no such right exists").

For these reasons, we must conclude that we do not have jurisdiction over this appeal and, accordingly, dismiss the appeal for want of jurisdiction.

_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Baker and Triana

Dismissed for Want of Jurisdiction

Filed: January 17, 2020

Do Not Publish

2