# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00183-CR
## NO. 03-20-00184-CR

---

**Kayla Marie Clubb, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY
### NOS. 80369 & 80708, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In each of the above causes, appellant Kayla Marie Clubb pleaded guilty to the offense of possession of a controlled substance in an amount less than one gram and was placed on deferred-adjudication community supervision for a period of four years. The State filed a motion to adjudicate, alleging that Clubb had violated the terms and conditions of her community supervision. At a hearing on the State's motion, Clubb pleaded true to the State's allegations and the district court found the allegations to be true. Instead of revoking Clubb's community supervision, the district court modified the terms and conditions and extended the period of community supervision by six months. In each cause, Clubb has filed a notice of appeal from the district court's order.

It is well established that orders modifying the conditions or extending the period of community supervision are not appealable orders.[1] *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006) ("There is no legislative authority for entertaining a direct appeal from an order modifying the conditions of community supervision."); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977) ("We find neither constitutional nor statutory authority which would confer jurisdiction on this court to hear an appeal from an order . . . altering or modifying probationary conditions . . . ."); *Christopher v. State*, 7 S.W.3d 224, 225 & n.1 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). Accordingly, we dismiss these appeals for want of jurisdiction.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Baker and Triana

Dismissed for Want of Jurisdiction

Filed: April 15, 2020

Do Not Publish

---

[1] Instead, the appropriate remedy is to file either an application for writ of habeas corpus in the trial court if alleging a constitutional violation, *see* Tex. Code Crim. Proc. art. 11.072, § 3(c), or a petition for writ of mandamus in the appellate court if alleging an abuse of discretion by the trial court, *see In re Gandara*, No. 08-17-00053-CR, 2017 WL 2822514, at *2 (Tex. App.—El Paso June 30, 2017, orig. proceeding) (op.).

2