

# NUMBER 13-20-00010-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CANDICE RENALLE CHAPA,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                       **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Hinojosa**
**Memorandum Opinion by Justice Hinojosa**

Appellant, Candice Renalle Chapa, attempts to appeal a December 19, 2019, order by the 36th District Court modifying the terms of her community supervision. On February 14, 2020, this Court ordered appellant's counsel to determine if appellant had a right to appeal this matter. On March 16, 2020, this Court received a letter from appellant's attorney indicating there is no final appealable order and the appellant lacks the right to

appeal as noticed. We dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

Pursuant to a plea bargain, appellant pleaded guilty to two felony charges and was placed on deferred adjudication community supervision. On December 19, 2019, the trial court conducted a hearing on the state's motion to revoke appellant's deferred adjudication community supervision. The trial court modified the terms of appellant's supervision and imposed a sanction of confinement and treatment in a Substance Abuse Felony Punishment Facility. This appeal ensued.

## II. JURISDICTION

An appellate court has the obligation to determine its own jurisdiction. *See Ramirez v. State*, 89 S.W.3d 222, 225 (Tex. App.—Corpus Christi 2002, no pet.); *Yarbrough v. State*, 57 S.W.3d 611, 615 (Tex. App.—Texarkana 2001, pet. ref'd); *Laureles v. State*, No. 13-13-00535-CR, 2014 WL 1669102, at *1 (Tex. App.—Corpus Christi Apr. 24, 2014, no pet.) (mem. op., not designated for publication). This court does not have jurisdiction to consider an appeal from an order altering or modifying the conditions of community supervision. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd); *see also Helms v. State*, No. 02-14-00170-CR, 2014 WL 3778283, at *1 (Tex. App.—Fort Worth July 31, 2014, no pet.) (per curiam mem. op., not designated for publication); *Laureles*, 2014 WL 1669102, at *1; *Roberts v. State*, No. 04-11-00154-CR, 2011 WL 2150762, at *1 (Tex. App.—San Antonio May 25, 2011, pet. ref'd).

### III. Conclusion

The Court, having examined and fully considered the notice of appeal and the matters before the Court, is of the opinion that there is not an appealable order and this Court lacks jurisdiction over the matters herein. Because there is no appealable order, we DISMISS the appeal for want of jurisdiction. *See Davis*, 195 S.W.3d at 710; *Basaldua*, 558 S.W.2d at 5. All pending motions, if any, are likewise DISMISSED.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of April, 2020.