

# NUMBERS 13-22-00391-CR, 13-22-00392-CR, & 13-22-00393-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOANN FLORES,            **Appellant,**

**v.**

THE STATE OF TEXAS,           **Appellee.**

## On appeal from the 148th District Court of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Chief Justice Contreras**

Appellant JoAnn Flores[1] has filed notices of appeal from trial court cause numbers

17FC-4472-E, 19FC-1904-E, and 20FC-1187-E in the 148th District Court of Nueces

---

[1] Appellant's name appears in the notice of appeal and related documents as JoAnn Flores, Joann Flores, and Jo Ann Flores. This discrepancy is not material to our analysis.

County, Texas. These appeals were filed respectively in our cause numbers 13-22-00391-CR, 13-22-00392-CR, and 13-22-00393-CR. In each case, appellant attempts to appeal from orders imposing sanctions and continuing or modifying probation. We address these three appeals in one memorandum opinion for judicial efficiency. We dismiss the appeals for want of jurisdiction.

As an appellate court, we have the obligation to determine our jurisdiction over these appeals. *See Ramirez v. State*, 89 S.W.3d 222, 225 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.); *Yarbrough v. State*, 57 S.W.3d 611, 615 (Tex. App.—Texarkana 2001, pet. ref'd). "[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* TEX. CODE CRIM. PROC. ANN. art. 44.02 (addressing the defendant's right to appeal in a criminal case); TEX. R. APP. P. 25.2(a)(2) (same). "The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008); *see Wilson v. State*, 644 S.W.3d 761, 762 (Tex. App.—Austin 2022, no pet.). This Court does not have jurisdiction to consider an appeal from an order altering or modifying the conditions of community supervision. *See Davis v. State*, 195 S.W.3d 708, 710 (Tex. Crim. App. 2006); *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Christopher v. State*, 7 S.W.3d 224, 225 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

On August 24, 2022, the Clerk of this Court notified appellant that it appeared that there was no final, appealable judgment in these causes and advised appellant that the

appeals would be subject to dismissal unless the defect was corrected within thirty days. Appellant did not respond to the Clerk's notices.

The Court, having examined and fully considered the documents on file, is of the opinion that these appeals should be dismissed for want of jurisdiction. Accordingly, we dismiss the appeals for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
13th day of October, 2022.